# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RICHARD TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. NO.: N18C-03-167 AML |
| | ) | |
| RENEE PETERSON, D.P.M., | ) | |
| KIMBERLY GALLAGHER, M.D., | ) | JURY TRIAL OF 12 DEMANDED |
| AND FRIENDS & FAMILY | ) | |
| PRACTICE, P.A., | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: June 1, 2018
Decided: August 27, 2018

## ORDER

### Upon Review of the Affidavit of Merit – Accepted

On June 1, 2018, Defendants Kimberly Gallagher, M.D., and Friends & Family Practice, P.A. (collectively "Defendants") moved to have the Court review Plaintiff's affidavit of merit, *in camera*, to determine whether it complies with 18 *Del. C.* §§ 6853(a)(1) and (c).[1]

Specifically, Defendants asked the Court to determine whether the affidavit: (1) is signed by an expert witness; (2) is accompanied by a *curriculum vitae*; (3) states all of its opinions with reasonable medical certainty; (4) gives an opinion that there has been healthcare medical negligence against each defendant; (5) gives an

---

[1] 18 *Del. C.* § 6853(d).

opinion that each breach against each defendant was a proximate cause of the injuries alleged in the complaint; and (6) as to Defendants, the expert is board certified in family medicine, and the *curriculum vitae* establishes that the expert, for the three years preceding the negligent act, has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the Defendants.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[2] The expert must be licensed to practice medicine as of the affidavit's date and engaged in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must state that reasonable grounds exist to believe the defendant was negligent in a way that proximately caused the plaintiff's injury.[4] The statute's requirements are minimal. Accordingly, an affidavit of merit tracking the statutory language complies with the statute.[5]

After *in camera* review, the Court finds:

---

[2] *Id.* § 6853(a)(1).

[3] *Id.* § 6853(c). Section 6853 does not require the *curriculum vitae* to establish that the expert has been engaged in the treatment of patients or teaching for the three years preceding the alleged negligent acts. Under Section 6853, such experience may be attested to in the affidavit. *Id.*

[4] *Id.*

[5] *See Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011) ("In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion.").

1. An expert signed the affidavit;

2. The affidavit was accompanied by a current *curriculum vitae*;

3. The expert is Board certified in Internal Medicine, a field similar to Family Medicine;

4. In the three years preceding the negligent acts, the expert was engaged in the treatment of patients and in the teaching/academic side of medicine in a similar field of medicine as Defendants;

5. The affidavit states that there are reasonable grounds to believe the applicable standard of care was breached by each Defendant, including Kimberly Gallagher, M.D, and Friends & Family Practice, P.A.; and

6. The expert states breaches of the standard of care proximately caused Taylor's injury as alleged in the complaint.

Considering the above, the Court finds that the affidavit of merit complies with 18 *Del. C.* §§ 6853(a)(1) and (c) as to Defendants Kimberly Gallagher, M.D, and Friends & Family Practice, P.A.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:   Colleen D. Shields, Esquire
       Patrick M. Brannigan, Esquire
       Joshua J. Inkell, Esquire
       Gilbert F. Shelsby, Esquire